**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4800**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

DERRICK ANTHONY OXENDINE,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:08-cr-00339-WO-1)

_____

Submitted:  March 25, 2010        Decided:  April 12, 2010

_____

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Milton B. Shoaf, Jr., Salisbury, North Carolina, for Appellant. Terri-Lei O'Malley, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Anthony Oxendine pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006), and was sentenced to 180 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless suggests that the district court erred when it classified Oxendine as a career offender based on his prior North Carolina convictions for felony robbery with a dangerous weapon. Oxendine filed a pro se supplemental brief raising the same issue, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Oxendine's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Oxendine's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Oxendine's conviction.

We also affirm Oxendine's sentence. Based on his career offender status, Oxendine's presentence investigation report properly placed him in criminal history category VI and attributed him with a total offense level of thirty-four, yielding a Guidelines range of 262-327 months. At sentencing, the district court granted the Government's U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2008) motion, appropriately heard counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Oxendine an opportunity to allocute, and thoroughly considered the Guidelines and the § 3553(a) factors before imposing Oxendine's 180-month variant sentence. We find that the district court adequately explained its rationale for imposing Oxendine's variant sentence, the sentence was selected pursuant to a reasoned process in accordance with law, and the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review").

We reject Oxendine's argument that he should not have been classified as a career offender because his two North Carolina felony robbery with a dangerous weapon convictions were consolidated for judgment. When Oxendine was arrested in 2000 for felony robbery with a dangerous weapon, charges were already pending against him for his 1998 felony robbery with a dangerous weapon offense. Although the state court consolidated the cases for judgment and sentencing in 2001, we find that the district court properly considered Oxendine's previous convictions to be "two prior felony convictions," as defined by USSG § 4B1.2(c) (2008). See United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999) (holding that despite consolidated sentences, "[b]ecause there was an intervening arrest, Huggins cannot avoid classification as a career offender by arguing that his offenses were related").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Oxendine, in writing, of the right to petition the Supreme Court of the United States for further review. If Oxendine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Oxendine.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED